[Cite as *In re A.M.*, 2026-Ohio-717.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

IN RE: A.M.

        Appellant

C.A. No.    26CA000017

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    26CR114453

DECISION AND JOURNAL ENTRY

Dated: March 3, 2026

---

HENSAL, Presiding Judge.

{¶1}    A.M. appeals an order of the Lorain County Court of Common Pleas that denied her motion to quash a subpoena duces tecum. This Court reverses.

I.

{¶2}    A grand jury indicted R.M.S. for rape in violation of Revised Code Sections 2907.02(A)(2) and 2907.02(A)(1)(a) and for sexual battery, naming A.M. as the victim. On October 17, 2025, R.M.S. subpoenaed documents from A.M., her father, and her father's employer, including records of any mental health professionals A.M. had seen since January 1, 2025. A.M. moved to quash the subpoenas, arguing, in part, that they requested documents that were privileged under Revised Code Section 2317.02(G), that no statutory exception to the privilege applied, and that the rights guaranteed to victims of a crime in Ohio prohibited even an in camera review of the records. She also argued that R.M.S. did not have a constitutional right to access the records because they were not exculpatory within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963).

{¶3} The trial court conducted a hearing on the motion to quash, although it is unclear from the record what the nature of the hearing was or what form it took. On December 12, 2025, the trial court ordered A.M. to provide defense counsel with the name of the mental health professional from whom she received counseling following the incident that formed the basis of the indictment. On December 17, 2025, R.M.S. subpoenaed documents from a counselor at the Cleveland Rape Crisis Center to be provided to the trial court. A.M. filed a motion to quash the new subpoena on December 22, 2025.

{¶4} On January 23, 2026, the trial court denied the motion to quash. In doing so, the trial court recognized that the records sought by R.M.S. were privileged and that no statutory exception to privilege applies. Without analysis, the trial court noted its conclusion that under Criminal Rule 17(C), compliance with the subpoena would not be unreasonable or oppressive. Having stated that conclusion, the trial court concluded that the records subject to the subpoena should be produced for an in camera inspection for the sole purpose of "determin[ing] whether, or not, the documents contain exculpatory information." The trial court further explained that "[i]f they do, then substantive due process, the fundamental-fairness doctrine, and the fair administration of criminal justice, all mandate the release of that portion of the records, even if they are privileged." Conversely, the trial court concluded that without "exculpatory information," the records would not be released.

{¶5} A.M. appealed the order that denied her motion to quash, as permitted by Revised Code Section 2930.19(A)(2)(b). She has asserted two assignments of error for this Court's review. Because her second assignment of error is dispositive, it is addressed first.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED BY ORDERING THE PRODUCTION OF VICTIM-APPELLANT A.M.'S COUNSELING RECORDS WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING AS REQUIRED BY LAW THEREBY VIOLATING VICTIM-APPELLANT A.M.'S RIGHTS UNDER OHIO CONST., ART. I, § 10A AND CRIM.R. 17.

{¶6} A.M.'s second assignment of error argues that the trial court erred by denying her motion to quash the December 12, 2025, subpoena duces tecum without first conducting an evidentiary hearing. This Court agrees.

{¶7} Criminal Rule 17(C) provides for the production of documents in a criminal proceeding but permits a trial court to quash a subpoena on motion "if compliance would be unreasonable or oppressive." When a motion to quash a subpoena duces tecum is filed, the trial court must hold an evidentiary hearing during which the proponent of the subpoena bears the burden of demonstrating that the subpoena is not burdensome or oppressive. *In re Subpoena Duces Tecum Served Upon Attorney Potts,* 2003-Ohio-5234, paragraph one of the syllabus. To do so, the proponent of the subpoena must demonstrate:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Id.*, quoting *United States v. Nixon*, 418 U.S. 683, 699-700 (1974). This determination is distinct from a trial court's decision that an in camera review is appropriate and is a precursor to consideration of any applicable privileges. *Id.* at ¶ 14, 18. As the Supreme Court of Ohio explained, it is error for the trial court to apply the correct analysis if does so without conducting an evidentiary hearing. *Id.* at ¶ 15.

{¶8}    In this case, it appears that the trial court conducted a hearing in some form with respect to A.M.'s motion to quash the *first* set of subpoenas – those served on her, her father, and her father's employer.   The production of A.M.'s counseling records was one of the issues addressed in the first motion to quash, but not the only issue.   After that hearing, the trial court ordered A.M. to provide the name of her mental health counselor so that another subpoena duces tecum could issue.   A.M. moved to quash that subpoena when it was served, but the trial court did not conduct an evidentiary hearing on the motion to quash the second subpoena.   In that respect, this Court agrees that the trial court erred.

{¶9}    It appears from the trial court's order that its position is that having a hearing on the motion to quash the first subpoena, it need not conduct another.   That position, however, is belied by the trial court's own order.   Whatever the nature of the first hearing was, the trial court's order merely states the conclusion that the *Nixon/Potts* factors have been established.   It does so with no analysis, without acknowledging the burden that fell to R.M.S. to establish those factors, and without reference to any evidence.   This is not insignificant given the trial court's ultimate conclusion that the only thing remaining to be determined is whether the records are "exculpatory," in which case – according to the trial court's reasoning – they are subject to release.

{¶10}   Accordingly, this Court agrees that the trial court erred by denying A.M.'s motion to quash without conducting an evidentiary hearing as required by *Nixon* and *Potts*.   A.M.'s second assignment of error is therefore sustained.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED, VIOLATING VICTIM-APPELLANT A.M.'S RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS AND THE REVISED CODE, WHEN IT DENIED VICTIM-APPELLANT A.M.'S MOTION TO QUASH THE SUBPOENA FOR HER PRIVILEGED RECORDS DESPITE FINDING THAT THE COUNSELING RECORDS WERE PRIVILEGED AND NO PRIVILEGE EXCEPTION APPLIES.

{¶11} A.M.'s first assignment of error is that the trial court erred by applying the wrong analysis to her motion to quash the subpoena. In light of this Court's resolution of her second assignment of error, her first assignment of error is premature.

### III.

{¶12} A.M.'s second assignment of error is sustained. Her first assignment of error is premature. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Defendant-Appellee.


_____
JENNIFER HENSAL
FOR THE COURT


SUTTON, J.
STEVENSON, J.
CONCUR.


APPEARANCES:

LATINA BAILEY, Attorney at Law, for Victim-Appellant.

PAUL GRIFFIN, Prosecuting Attorney, for Plaintiff-Appellee.

IAN N. FRIEDMAN, ERIC C. NEMECEK, and MADELYN J. GRANT, Attorneys at Law, for Defendant-Appellee.