[Cite as *In re A.M.*, 2026-Ohio-1818.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

IN RE: A.M.

       Appellant

C.A. No.     26CA000077

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    25CR114453

DECISION AND JOURNAL ENTRY

Dated: May 19, 2026

HENSAL, Presiding Judge.

{¶1}    A.M. appeals an order of the Lorain County Court of Common Pleas that denied her motion to quash a subpoena duces tecum.  This Court affirms.

I.

{¶2}    A grand jury indicted R.M.S. for rape in violation of Revised Code Sections 2907.02(A)(2) and 2907.02(A)(1)(a) and for sexual battery, naming A.M. as the victim.  On October 17, 2025, R.M.S. subpoenaed documents from A.M., her father, and her father's employer, including records of any mental health professionals A.M. had seen since January 1, 2025.  A.M. moved to quash the subpoenas, arguing, in part, that they requested documents that were privileged under Revised Code Section 2317.02(G), that no statutory exception to the privilege applied, and that the rights guaranteed to victims of a crime in Ohio prohibited even an in camera review of the records.  She also argued that R.M.S. did not have a constitutional right to access the records because they were not exculpatory.

{¶3} On December 12, 2025, the trial court ordered A.M. to provide defense counsel with the name of the mental health professional from whom she received counseling following the incident that formed the basis of the indictment. On December 17, 2025, R.M.S. subpoenaed documents from a counselor at the Cleveland Rape Crisis Center to be provided to the trial court. A.M. filed a motion to quash the new subpoena on December 22, 2025. On January 23, 2026, the trial court denied the motion to quash. The trial court concluded that under Criminal Rule 17(C), compliance with the subpoena would not be unreasonable or oppressive and ordered the records to be produced for an in camera inspection for the sole purpose of determining whether they contained exculpatory information. A.M. appealed the order that denied her motion to quash, as permitted by Revised Code Section 2930.19(A)(2)(b)(i). This Court reversed, concluding that the trial court erred by failing to conduct a hearing as required by *In re Subpoena Duces Tecum Served Upon Attorney Potts*, 2003-Ohio-5234, paragraph one of the syllabus. *In re A.M.*, 2026-Ohio-717, ¶ 7-10 (9th Dist.).

{¶4} On remand, the trial court conducted a hearing during which A.M. testified briefly and counsel for both parties presented legal arguments addressing the threshold issues under Criminal Rule 17, the applicable privilege provided by Section 2317.02(G), and the relative interests of A.M. and R.M.S. The trial court denied the motion to quash again, concluding that R.M.S. has a due process right to the discovery of exculpatory information contained in the counseling file and that his right is paramount to A.M.'s rights arising under Article 1, Section 10a(A), of the Ohio Constitution and Revised Code Chapter 2930. The trial court explained:

> Any other result would effectively elevate the Victim's right to privacy over the Defendant's rights to due process. While both the Victim and Defendant have constitutionally protected interests and rights in this outcome, the Defendant has much more to lose than the Victim and thus, his right to possible disclosure of exculpatory evidence, even if confidential, sensitive, and privileged, is paramount.

Consequently, the trial court ordered the records to be produced for an in camera inspection by the trial court. A.M. appealed pursuant to Section 2930.19(A)(2)(b)(i), assigning two errors that are addressed in reverse order for ease of disposition.

II.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY DENYING VICTIM-APPELLANT A.M.'S MOTION TO QUASH WHEN THE *NIXON* TEST WAS NOT SATISFIED.

{¶5} A.M.'s second assignment of error argues that the trial court erred by denying the motion to quash without determining that R.M.S. could not properly prepare for trial without the documents at issue. This Court does not agree.

{¶6} Criminal Rule 17(C) governs the production of documents by subpoena in every criminal proceeding. The Rule provides that "the court, upon motion made promptly and in any event made at or before the time specified in the subpoena for compliance therewith, may quash or modify the subpoena if compliance would be unreasonable or oppressive." This determination is the first step when a motion to quash is filed, and it is limited to doing what the Rule says: determining whether the subpoena is unreasonable or oppressive. Before making this threshold determination, the trial court must hold an evidentiary hearing, and the proponent of the subpoena bears the burden of demonstrating that the subpoena is not burdensome or oppressive. *Potts*, 2003-Ohio-5234, paragraph one of the syllabus. To do so, the proponent of the subpoena must demonstrate:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id.*, quoting *United States v. Nixon*, 418 U.S. 683, 699-700 (1974). As this Court noted in A.M.'s first appeal, this is "distinct from a trial court's decision that an in camera review is appropriate and is a precursor to consideration of any applicable privileges." *In re A.M.* at ¶ 7, citing *Potts* at ¶ 14, 18.

{¶7} In *In re A.M.*, this Court reversed because the trial court did not hold the hearing required at this step. *Id.* at ¶ 10. On remand, the trial court did so. The record of the hearing demonstrates that the trial court concluded, after hearing arguments from counsel and testimony from A.M., that all four elements of the *Potts* test were present in this case. A.M. has not demonstrated that the trial court's conclusion was an abuse of discretion. *See generally J.P. v. M.H.*, 2020-Ohio-13, ¶ 30 (9th Dist.). Her second assignment of error is overruled on that basis.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED, VIOLATING VICTIM-APPELLANT A.M.'S RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS AND THE REVISED CODE, WHEN IT DENIED VICTIM-APPELLANT A.M.'S MOTION TO QUASH THE SUBPOENA FOR HER PRIVILEGED RECORDS DESPITE FINDING THAT THE COUNSELING RECORDS WERE PRIVILEGED AND NO PRIVILEGE EXCEPTION APPLIES.

{¶8} A.M.'s first assignment of error argues that the trial court erred by denying her motion to quash the subpoena of her post-assault counseling records and ordering their production for an in camera inspection. As she clarified during oral argument, A.M. has not taken the position that the privilege at issue is absolute. *See generally State v. O'Neill*, 2025-Ohio-287, ¶ 9-13 (12th Dist.). As such, that question is beyond the scope of this opinion. *See Eddy v. Farmers Property Cas. Ins. Co.*, 2026-Ohio-626, ¶ 41 (explaining the principle of party presentation). R.M.S.'s position – and the position taken by the trial court – is that although none of the statutory exceptions to privilege apply in this case, due process permits R.M.S. to access the records, and the trial court should conduct an in camera review to determine the extent of his access.

{¶9}    Once a trial court has determined that a subpoena should not be quashed under Rule 17(C), the next consideration is whether there are claims of privilege at issue.  *See Potts*, 2003-Ohio-5234, at ¶ 22-23.  "When a privilege issue is complicated or unclear,' a court should take steps, including, 'but not limited to an in camera review' to resolve the claim of privilege."  *Eddy* at ¶ 44, quoting *Stull v. Summa Health Sys.*, 2024-Ohio-5718, ¶ 31.  A.M. maintains that because the parties agreed on the record that the documents at issue are subject to the privilege set forth in Section 2713.02(G) and that none of the exceptions contained in the statute apply, the trial court should have quashed the subpoena without an in camera review and without further inquiry.  Whether or not Marsy's Law is involved, however, claims of privilege in a criminal case also touch on the rights of the accused.  *See generally* in *Pennsylvania v. Ritchie*, 480 U.S. 39, 55-61 (1987) (upholding the in camera review of records held by a government agency that were subject to a qualified privilege based on the defendant's rights to compulsory process and due process).  *Ritchie*, however, did not address the extent to which its analysis applies when records are held by a third party other than a government agency or when an absolute privilege is at issue.  Consequently, the interplay between a defendant's right to compulsory process and statutory privilege remains unresolved.  *See O'Neill* at ¶ 12 (12th Dist.).

{¶10}    As noted above, however, A.M. has not taken the position that the privilege at issue in this case is absolute, nor has she developed an argument with respect to who holds the relevant records.  She has also limited her argument in this appeal to her position that R.M.S. "has no countervailing constitutional right" at issue and, therefore, she has not argued that the trial court erred in its evaluation of the parties' respective interests.  This Court will not develop those arguments on her behalf, and we take no position about the trial court's decision in these respects.  *See Eddy* at ¶ 41.  As a result, A.M. has also not carried her burden of demonstrating that the trial

court erred by concluding that an in camera inspection of the records was necessary to fully determine the claim of privilege at issue in this case, including issues implicated by Article 1, Section 10a(A), of the Ohio Constitution ("To secure for victims justice and due process throughout the criminal and juvenile justice systems, a victim shall have the following rights, which shall be protected in a manner no less vigorous than the rights afforded to the accused . . . ."). This Court emphasizes, however, that the in camera review at issue is limited to what is described in the trial court's order: "the subpoenaed materials are to be provided directly to the Court, <u>under seal</u>, and they will not be released in any manner without a further evidentiary hearing." (Emphasis in original.)

{¶11} This Court must also note that we share the concerns expressed by the trial court. Although the legislature has adopted a framework that implements Marsy's Law in general terms, the repeal of Revised Code Section 2390.071 left courts without specific guidance when discovery disputes arise. With respect to the facts at issue in this case, we also observe that Ohio law does not provide a specific privilege related to post-assault counseling—another approach that could clarify the role that trial courts must play in discovery disputes.

{¶12} A.M.'s first assignment of error is overruled.

III.

{¶13} A.M.'s assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

LATINA BAILEY, Attorney at Law, for Appellant.

IAN M. FRIEDMAN, ERIC C. NEMECEK, and MADELYN J. GRANT, Attorneys at Law, for Appellee.

ANTHONY CILLO, Prosecuting Attorney, and PAUL GRIFFIN, Assistant Prosecuting Attorney, for Appellee.